IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VIRGIL RUCKER,

Plaintiff,

v.

O.D.O.C., et al.,

Defendant.

Case No. 2:25-cv-01881-SI

ORDER

SIMON, District Judge.

This prisoner civil rights case comes before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (#29). Plaintiff asserts that Defendants are denying him an appropriate course of medical care that will adequately address ailments he is experiencing with his knee, back, and shoulders. He believes that Defendants' denial of medical care is retaliatory in nature due to Plaintiff's attempts to seek redress of his grievances. He asks the Court to order his immediate transfer to another institution for the purpose of receiving adequate medical treatment to include physical therapy.[1]

[1] Plaintiff also alleges that Defendants are denying him access to legal resources, but his request for preliminary injunctive relief pertains only to the need for immediate medical care. Even if this were not the case, Plaintiff has not shown that he was prejudiced by any limitation on his access to legal materials at his prison. *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008). A plaintiff may also qualify for a preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127. 1134-35 (9th Cir. 2011). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

In this case, the basis of Plaintiff's Motion is his purported inability to receive medical attention, including physical therapy, at the Snake River Correctional Institution ("SRCI"). A Nurse Manager at SRCI provided the Court with a Declaration in which she states:

> 4. Plaintiff Rucker does not presently have an order for physical therapy. Plaintiff Rucker was seen on July 23, 2026 and imaging of his back was ordered. Plaintiff Rucker was also seen on June10, 2026 at which time an x-ray of his bilateral shoulders was ordered; that x-ray was completed on June 18, 2026.
>
> 5. Physical therapy may be ordered by AIC Rucker's medical provider in the further depending upon the provider's review and assessment of AIC Rucker's x-ray, imaging, and related findings. At this time, an order for physical therapy is premature.

Declaration of Lisa Price (#45).

Although Plaintiff asserts that Defendants are refusing to provide him with medical care in retaliation for complaints he has lodged, the limited record before the Court shows that

Plaintiff is actively receiving medical attention at SRCI. In this respect, Plaintiff has a low likelihood of prevailing on the merits of a First Amendment retaliation claim. *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) (overruled on other grounds as recognized by *Richey v. Dahne,* 807 F.3d 1202, 1209 n.6 (2015)) (requiring a defendant to take an adverse action against a plaintiff in response to the exercise of protected conduct). In addition, Plaintiff's Eighth Amendment medical claim also appears to lack merit where his preference for a particular course of medical treatment that differs from what the SRCI physicians have prescribed does not amount to deliberate indifference on the part of Defendants. *See, e.g.*, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shields v. Kunkel*, 442 F.2d 409, 410 (9th Cir. 1971); *Mayfield v. Craven*, 433 F.2d 873 (9th Cir. 1970); *McKinney v. People of State of Cal*., 427 F.2d 160 (9th Cir. 1970).

Similarly, because Plaintiff is actively receiving medical attention, he is unlikely to suffer irreparable injury if the Court declines to grant him preliminary injunctive relief. Given that Plaintiff has a low probability of success on the merits of his claims, and also that he is unlikely to suffer irreparable injury, injunctive relief is not appropriate. *See Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam) (A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." ) (italics in original, internal quotations and citation omitted).

///

///

///

///

**CONCLUSION**

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (#29) is denied.

IT IS SO ORDERED.

August 27, 2026
DATE

Michael H. Simon
United States District Judge